## COURT COSTS

■ The district court awarded Stewart costs in the amount of $13,121.60. *See* Fed. R. Civ. Proc. 54(d)(1). Because Stewart is not the prevailing party, Stewart is not entitled to costs. *See id.*; *Nance v. Maxwell Fed. Credit Union*, 186 F.3d 1338, 1343 (11th Cir.1999) ("Because we have vacated the plaintiff's damages award, there is nothing in the judgment that can be enforced.").

The portion of the district court's judgment awarding Stewart costs is vacated and reversed. The district court's judgment is otherwise affirmed.

**AFFIRMED** in part and **REVERSED** in part.

Virginia LITTLE, Plaintiff—Appellant,

v.

FOSTER WHEELER CONSTRUCTORS, INC., Defendant—Appellee.

No. 10–12960.

United States Court of Appeals, Eleventh Circuit.

June 28, 2011.

Randy Alan Fleischer, Attorney at Law, Davie, FL, for Plaintiff-Appellant.

Angelique Groza Lyons, Attorney at Law, John W. Campbell, Constangy, Brooks & Smith, Tampa, FL, for Defendant-Appellee.

Before EDMONDSON and MARCUS, Circuit Judges, and FAWSETT,* District Judge.

credit for mistakenly including other entities results in a windfall to Stewart." Appellee's Br. 21. HOA further states that this argument is especially compelling "where both mistakes occurred concerning the same definition, in the same paragraph, in the same agreement [and because] Stewart invoked equitable considerations and equity seeks complete justice." *Id.* (emphasis removed). To the extent that HOA argues that Stewart should not receive a windfall profit, HOA claims in essence that no breach of contract exists. We agree. Unlike the defendants in *Wallis v. B & A Const. Co.*, 273 Ga.App. 68, 614 S.E.2d 193, 195–96 (2005), who had two unique payment obligations, the first for stock purchases and redemptions and the second for real property, *id.*, HOA had a single obligation to make payments to Stewart based on Gross Sales. A single contractual obligation cannot be artificially bifurcated by the court so as to grant the plaintiff a windfall profit.

To conceive of the contract as two payments, one of which was a voluntary payment that is nonetheless recoverable under the recoupment doctrine, would be to misapply the statutory text. "Recoupment is a right of the defendant to have a deduction from the amount of the plaintiff's damages for the reason that the plaintiff has not complied with the cross-obligations or independent covenants arising under the contract upon which suit is brought." Ga.Code Ann. § 13–7–2. Here, neither party can be said to have "not complied with the cross-obligations or independent covenants," because none exists where the contract conceives of a single obligation. Here, HOA paid Stewart in full on the single obligation in dispute.

* Honorable Patricia C. Fawsett, United States District Judge for the Middle District of Florida, sitting by designation.

PER CURIAM:

We—for the reasons set out in the Magistrate Judge's orders in the District Court—affirm the grant of summary judgment for Defendant and the denial of Plaintiff's motion to compel discovery and to impose sanctions.

AFFIRMED.

**Renee D. BELL, Plaintiff–Appellant,**

v.

**HCR MANOR CARE FACILITY OF WINTER PARK, Metro West Facility, Sovereign Healthcare of Metro West, LLC, ORMC, Physician Dr. Haver, Defendants–Appellees.**

No. 10–13930
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 28, 2011.

See also, 2010 WL 4097125.

